**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| Feasterville Furniture Outlet Inc. | | |
|     Debtor | : | Case No. 08-14990 (JFK) |

**PETITION FOR EMERGENCY ORDER
TO ENFORCE AUTOMATIC STAY**

    The Petition of Feasterville Furniture Outlet Inc., by it's attorney James McGarrity, Esquire respectfully represents:

1. The debtor commenced this action on Monday August 4, 2008 by filing a Petition under chapter 7 of the Code.

2. Gary F. Seitz, Esquire has been appointed as trustee in this case.

3. The filing of the case should have operated as an automatic stay of Civil Court actions under Section 362 of the Code.

4. Federal Realty Investment Trust, the former landlord of the debtor and a named creditor in this case, has continued a state court action against debtor.

5. On August 6, 2008, debtors bankruptcy counsel received a call from a person who identified herself as the secretary for Oliver Griffin, Esquire, counsel for Federal Realty, and was told to be in court in Bucks County for a contempt hearing on Friday August 8, 2008 at 10 o'clock before the honorable Mitchell Goldberg in the matter Federal Realty Investment Trust v Feasterville Furniture Outlet Inc. t/a Furniture Style.

6. The sole business location for retail sales was in the shopping center owned or managed by Federal Realty Investment Trust under a November 2004 lease.

7. Federal Realty Investment Trust confessed judgment for possession against debtor and confessed judgment for $77,527.80 on May 9, 2008 at No. 08-04438 in Bucks County Common Pleas Court.

8. Debtor filed a Petition to Open the Judgment but no Stay was issued.

9. On or about July 16, 2008 the Sheriff evicted debtor from the leased property and levied upon the inventory (furniture) in the leased premises. The sheriff estimated the value of the levied property at about $80,000.00

10. On July 18, 2008 the Honorable Mitchell S. Goldberg entered an Order which temporarily stayed the eviction, temporarily lifted/released the levy, contained several other conditions, and, in paragraph 7, precluded Feasterville from filing a bankruptcy action. A copy of the July 18th Order is attached hereto as Exhibit "A.

11. On July 23, 2008, another order was entered which vacated paragraph 1, 2, and 4 of the July 18 Order. A copy of that Order is attached hereto as Exhibit "B".

12. After the July 18 Order and before the July 23 Order, agents of the debtor re-entered the premises and removed the inventory, which had been subject to the sheriff levy and moved it to a storage facility.

13. On or about July 28, 2008, at a hearing, Judge Goldberg verbally ordered debtor to return the furniture to the original location by Monday August 4, 2008.

14. Debtor did not return the property as ordered and filed this case on the day it was required to return the property.

15. The sole stockholder and president of debtor is now in Kuwait.

16. On August 4, 2008, Judge Goldberg called counsel for debtor on a conference call to "bring him up to speed" on the case and told counsel that a bench warrant would be issued against Mr. Hamad if the furniture was not returned.

17. On August 6, 2008, Gary Schafkopf, Esquire counsel of record in the Bucks county matter received a call from Judge Goldberg and was ordered to appear with Mr. Hamad (who is in Kuwait) and his brother (who is local) on Friday August 8 for a contempt hearing, even though neither of those individuals was ever subject to a court order in this matter and could not be in contempt of the court's verbal order directed at debtor.

18. Counsel has been told that the property subject to the judicial lien is still in storage, and is now property of the bankruptcy estate, and this proceeding based upon Federals *ex parte* contact to the court (no

      paperwork has been provided and the notice of hearing has been only oral) seems to be punitive because of the bankruptcy action.

19.     Counsel for the debtor believes that this case fits squarely within section 362 (1), (2), (3), (4), (5) and (6) and is subject to the stay.

20.     Irreparable harm will be caused if one of the debtor's agents is held in contempt and incarcerated.

    WHEREFORE, debtor requests an emergency order specifically staying the 8/8/08 contempt Hearing and their requiring Federal to show this court why the state judgment enforcement action is not subject to the automatic stay.

                                            Respectfully Submitted,

                                            /s/ James McGarrity
                                            James McGarrity